Lin v. Holder

BIA
Hom, IJ
A099 005 587

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15ᵗʰ day of May, two thousand thirteen.

PRESENT:
> ROBERT D. SACK,
> RICHARD C. WESLEY,
> PETER W. HALL,
> > *Circuit Judges.*

_____

MING H. LIN,
> *Petitioner,*

      v.                          12-907
                                       NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:      Adedayo O. Idowu, New York, NY.

FOR RESPONDENT:      Stuart F. Delery, Acting Assistant Attorney General; Francis W. Fraser, Senior Litigation Counsel; Timothy B. Stanton, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Ming H. Lin, a native and citizen of the People's Republic of China, seeks review of a February 8, 2012 decision of the BIA affirming the July 13, 2010 decision of Immigration Judge ("IJ") Sandy K. Hom, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ming H. Lin*, No. A099 005 587 (B.I.A. Feb. 8, 2012), *aff'g* No. A099 005 587 (Immig. Ct. N.Y. City July 13, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented and modified by the BIA. *See Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005); *Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For applications such as Lin's, governed by the amendments made to the Immigration and Nationality Act by

2

the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on the applicant's "demeanor, candor, or responsiveness," the plausibility of her account, and inconsistencies in her statements, without regard to whether they go "to the heart of [her] claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008) (per curiam). We will "defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make" such a ruling. *Xiu Xia Lin*, 534 F.3d at 167. Here, the IJ reasonably based his adverse credibility determination on Lin's inconsistent testimony and omission from her asylum application. *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Xiu Xia Lin,* 534 F.3d at 167 (providing that an IJ may support an adverse credibility determination with "*any* inconsistency or omission").

The IJ also reasonably found that Lin's testimony that Chinese officials permitted her to use her passport to exit the country despite her warrant for arrest was implausible and did not err in relying on that finding to find her not

3

credible.  *See Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007)(finding that while "bald" speculation is an impermissible basis for an adverse credibility finding, "[t]he speculation that inheres in inference is not 'bald' if the inference is made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience"); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.16 (2d Cir. 2006).  As to Lin's demeanor, we defer to the IJ's finding that her hesitancy in answering questions affected her credibility as that finding was connected to Lin's inconsistent testimony regarding the court summons.  *See Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006).

Lin contests the IJ's finding that she failed to provide corroborating evidence, arguing that such evidence was not reasonably available.  To the contrary, the IJ reasonably required proof of her post-detention doctor visit, or any other evidence that she had suffered a dislocated hand, given that Lin testified that X-rays of her hand were available.  *See Liu v. Holder*, 575 F.3d 193, 198 n.5 (2d Cir. 2009).  Considering that Lin provided little evidence that she continued to practice Christianity after

4

August 2009, which is the date of the only letter she provided from her church, the IJ also reasonably expected testimony or affidavits from church associates. *See id.* Despite Lin's assertion that she was unaware that she should obtain affidavits, in light of purported attempts to persuade her fellow church members to testify, the IJ reasonably rejected her explanation. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Lin also quarrels with the BIA's reliance on the U.S. State Department's 2009 International Religious Freedom ("IRF") Report because that report was not in the administrative record. However, the BIA is permitted to take administrative notice of government reports, such as the IRF Report, *see* 8 C.F.R. § 1003.1(d)(3)(iv), and reasonably found that the report contradicted Lin's claim based on its statement that the Chinese government had provided greater freedoms to Christians in both government-run and underground churches, *see* 2009 IRF Report, http://www.state.gov/j/drl/rls/irf/2009/127268.htm.

Given Lin's inconsistent testimony, her omission and demeanor, and the lack of corroboration, all of which call into question Lin's documentary evidence and her practice of Christianity, the totality of the circumstances supports the

5

agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. As the only evidence of a threat to Lin's life or freedom or that she was likely to be tortured depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claims for asylum, as well as withholding of removal and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk